UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DEIASTRIA G. JACKSON, AND
TERIA Q. CASTON ON BEHALF OF
HER MINOR DAUGHTER,
G.W.                                                 CIVIL ACTION NO.

VERSUS                                               JUDGE DAVID C. JOSEPH

CITY OF PINEVILLE, LOUISIANA,                        MAGISTRATE JUDGE JOSEPH
DONALD WEATHERFORD, GREG                             PEREZ-MONTES
CREDEUR, an officer and
agent of the City of Pineville Police
Department, UNKNOWN OFFICERS OF                      JURY DEMANDED
THE CITY OF PINEVILLE POLICE
DEPARTMENT, RAPIDES PARISH
SHERIFF'S OFFICE, MARK WOOD,
and UNKNOWN OFFICERS OF THE
RAPIDES PARISH SHERIFF'S OFFICE

---

**ORIGINAL COMPLAINT AND JURY TRIAL DEMAND**

---

COME NOW the Plaintiffs, Deiastria Jackson and Teria Caston on behalf of her minor

daughter G.W., by and through the undersigned attorney, and alleges and avers as follows:

**<u>INTRODUCTION</u>**

1.      This action seeks to vindicate the Plaintiffs' rights under the Constitution of the United

States and the laws of the State of Louisiana. The Plaintiffs were deprived of those rights by the

Defendants, who, acting jointly and in concert, executed an illegal and unreasonable seizure of

Plaintiffs Jackson and G.W. in violation of the Fourth Amendment to the United States

Constitution, causing damages to the Plaintiffs. Additionally, the Defendants' actions constituted

1

assault, battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Invasion of Privacy, False/Unlawful Detention, Trespass, and Damage to Property against the Plaintiffs, resulting in personal injury and damage to the Plaintiffs. For these deprivations and the resulting injuries and damages, the Plaintiff seeks relief under 42 U.S.C. § 1983, 1988 and under the laws of the State of Louisiana.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States for the deprivation of rights secured by the Constitution and laws of the United States.

3.      This Court has supplemental jurisdiction over the claims arising under the law of the State of Louisiana under 28 U.S.C. § 1367, as these claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

4.      Venue properly lies in the Western District of Louisiana under 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred within this District. This action is properly filed in the Alexandria Division of said District as the events at issue occurred within Pineville, Louisiana.

## PARTIES

5.      Plaintiff, Deiastria Gisele Jackson is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

6.      Plaintiff, G.W. is a person who has not yet reached the age of majority and therefore her mother Teria Quanae Caston has brought this action on her behalf. Teria Caston and G.W. are both residents of Rapides Parish.

7.      Made defendants herein are the following:

2

(1)     **CITY OF PINEVILLE, LOUISIANA**, a political subdivision of the State of Louisiana within Rapides Parish and is the entity having ultimate authority, responsibility and control of the proper hiring, training and supervision of all sworn Police Officers acting under their authority and the color of law. The City of Pineville is ultimately responsible for all local policies, procedures, practices, decisions and customs employed by its law enforcement officers and for the oversight and funding of the Pineville Police Department. In all respects set forth in this Complaint, the City of Pineville acted under color of the law of the State of Louisiana.

(2)     **CHIEF DONALD WEATHERFORD,** in his individual and official capacities, who at all times material herein was the duly appointed Chief of the Pineville Police Department, the Chief Law Enforcement Officer of the City of Pineville and the policy maker for the Pineville Police Department, and the person responsible for the proper hiring, training and supervision of all sworn Police Officers acting under the authority and the color of law for and within the City of Pineville. Upon information and belief, a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes of 42 U.S.C. § 1983, who can be served at his place of employment, the Pineville Police Department, 910 Main Street, Pineville, LA 71360.

(3)     **DETECTIVE GREG CREDEUR**, in his individual and official capacities, for actions as a sworn law enforcement officer with the Pineville Police Department. In all respects set forth in this Complaint, Defendant Credeur acted within the course and scope of his employment by the Defendant City of Pineville and under color of the laws of the State of Louisiana,  statutes, ordinances, regulations, policies, customs and uses of the City of Pineville, and its police department. Upon information and belief, Defendant Credeur is a person of the full age of majority and a resident of the Rapides Parish, a person for purposes of 42 U.S.C. § 1983,

who can be served at his place of employment, the Pineville Police Department, 910 Main Street,

Pineville, LA 71360.

(4)      **UNKNOWN OFFICERS OF THE CITY OF PINEVILLE POLICE**

**DEPARTMENT**, in their individual and official capacities, for actions as sworn law

enforcement officers with the Pineville Police Department. In all respects set forth in this

Complaint, these unknown officers acted within the course and scope of their employment by the

Defendant City of Pineville and under color of the laws of the State of Louisiana,  statutes,

ordinances, regulations, policies, customs and uses of the City of Pineville, and its police

department. Upon information and belief, the unknown officers are persons of the full age of

majority and  residents of Rapides Parish and the State of Louisiana.

(5)      **RAPIDES PARISH SHERIFF'S OFFICE,** a political subdivision of the State

of Louisiana within Rapides Parish and is the entity having ultimate authority, responsibility and

control of the proper hiring, training and supervision of all sworn Officers acting under their

authority and the color of law. The Rapides Parish Sheriff's Office is ultimately responsible for

all  policies, procedures, practices, decisions and customs employed by its law enforcement

officers. In all respects set forth in this Complaint, the Rapides Parish Sheriff's Office acted

under color of the law of the State of Louisiana. Upon information and belief, the unknown

officers are persons of the full age of majority and  residents of Rapides Parish and the State of

Louisiana.

(6)      **MARK WOOD**, in his individual and official capacities, who at all times

material herein was the duly elected Sheriff of Rapides Parish and the policy maker for the

Rapides Parish Sheriff's Office, and the person responsible for the proper hiring, training and

supervision of all sworn Officers acting under the authority and the color of law for the Rapides

Parish Sheriff's Office. Upon information and belief, a person of the full age of majority and a resident of the Parish of Rapides, a person for purposes of 42 U.S.C. § 1983, who can be served at his place of employment, the Rapides Parish Sheriff's Office, 701 Murray Street, Alexandria, LA 71301.

(7)    **UNKNOWN OFFICERS OF THE RAPIDES PARISH SHERIFF'S OFFICE**, in their individual and official capacities, for actions as sworn law enforcement officers with the Rapides Parish Sheriff's Office. In all respects set forth in this Complaint, these unknown officers acted within the course and scope of their employment by the Defendant Rapides Parish Sheriff's Office and under color of the laws of the State of Louisiana, statutes, ordinances, regulations, policies, customs and uses of the City of Pineville, and its police department. Upon information and belief, the unknown officers are persons of the full age of majority and residents of Rapides Parish and the State of Louisiana.

8.    The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## FACTS

9.    On or about September 7, 2021, Defendant Credeur obtained a search warrant for 210 Anthony Street, Pineville, LA 71360. The affidavit for said search warrant stated that:

> "[o]n or about the last week of July, 2021, I, Det. Greg Credeur, received a tip from a Reliable Confidential Informant, hereafter referred to as RCI, that a subject identified as Morgan Lavalais was selling Fentanyl and Methamphetamine in the Alexandria and Pineville area. RCI was shown an unedited color photo of Morgan Lavalais from the Thinkstream system and confirmed his identity. RCI advised that Mr. Lavalais lived on Anthony Street in Pineville in the last house on the right. RCI was driven passed the residence of 210 Anthony Street in an unmarked police unit. RCI confirmed this residence as the residence that Mr. Lavalais sells narcotics from. RCI advised they have purchased Fentanyl from Mr. Lavalais from this residence in the past. At that point I began an investigation into Mr. Lavalais…"

10.    The affidavit for search warrant for 210 Anthony Street goes on to state that "[On]

9/7/2021 RCI advised me that Mr. Lavalais has contacted her within the last 24 hours and advised that he had Fentanyl for sale. On the same date Agents observed Mr. Lavalais leave his residence of 210 Anthony Street in a Silver Chevrolet Impala…"

11.    The affidavit for search warrant of 210 Anthony Street goes on to state that, on September 7, 2021, the officers conducted a traffic stop on Mr. Lavalais's vehicle in which suspected Fentanyl was recovered. Based upon all the facts given in the affidavit, Defendant Credeur requested a search warrant for 210 Anthony Street, Pineville, LA 71360 and this warrant was granted and signed by Ninth Judicial District Judge Greg Beard on September 7, 2021.

12.    The affidavit for search warrant of 210 Anthony Street also states that the residence located at 210 Anthony Street in Pineville was clearly marked with numbers on the front of the residence as well as on the mailbox.

13.    After getting the search warrant for 210 Anthony Street signed by the judge, Defendant Credeur, along with unknown officers from the Pineville Police Department and unknown officers from the Rapides Parish Sheriff's Office, executed said search warrant at 208 Anthony Street, Pineville, Louisiana instead of 210 Anthony Street on September 7, 2021..

14.    The officers broke through the front door to residence at 208 Anthony Street without knocking and announcing themselves beforehand despite their failure to obtain a "no knock"warrant.

15.    Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office entered the home with guns drawn and pointed at the occupants of the residence while shouting at them to "get down" and to "shut up".

16.    Plaintiff Deiastria Jackson, Donte Harrison, J.M., Plaintiff G.W., and Plaintiff Jackson's one year old daughter were occupants in 208 Anthony Street when officers entered the residence.

Plaintiff Jackson is the lessee of the residence located at 208 Anthony Street in Pineville, Louisiana.

17.      Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office started placing handcuffs on the occupants of the residence. During this time, both Plaintiff G.W. and Plaintiff Jackson's one year old daughter were crying. J.M. attempted to tell officers that Donte Harrison was legally blind when an unknown officer pointed a gun at J.M. and punched J.M. while he was handcuffed.

18.      Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office handcuffed every occupant except Plaintiff Jackson and her one year old daughter; this includes the handcuffing of G.W. who was only thirteen years old at the time. Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office made non consensual, physical contact with the persons of both Plaintiffs Jackson and G.W. during the course of the search of 208 Anthony Street.

19.      Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office caused damage to the door of the residence, a mirror, and sectional sofa. At some point during the search, the officers realized that they were at the wrong residence and continued to search the residence. Once the officers completed their search of 208 Anthony Street, the officers left the residence and went to 210 Anthony Street where the Defendants conducted another search.

20.      The forced entry and search of 208 Anthony Street occurred during daylight hours on September 7, 2021 with no rain or other inclement weather and there were approximately eight officers involved in the search. Defendant Credeur was present during the search of 208 Anthony

Street and appeared to act as the lead officer during the search. In addition, the residence located at 208 Anthony Street was marked with the numbers "208" that were clearly visible on September 7, 2021.

21.    After the search, Defendant Weatherford apologized to Plaintiff Jackson and admitted to local media outlet KALB that the Pineville Police Department had mistakenly entered the residence at 208 Anthony Street. Defendant Weatherford also told Plaintiff Jackson that he would take care of the damages and send someone out to check the damages. This assessment never occurred.

22.    Defendant Weatherford also admitted to KALB that the Pineville Police Department was assisting another agency when they were attempting to execute the search warrant for 210 Anthony Street. The Rapides Parish Sheriff's Office was involved in the investigation of Morgan Lavalais, Deputy Orr with the Rapides Parish Sheriff's Office was the arresting officer of Mr. Lavalais on September 7, 2021, and there were officers with the Rapides Parish Sheriff's Office present during the search of 208 Anthony Street. In addition, Defendant Credeur stated in the affidavit for search warrant for 210 Anthony Street that he has been assigned to a Multijurisdictional Task Force which includes officers with the Rapides Parish Sheriff's Office.

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Deprivation of Rights in violation of the Fourth and Fourteenth Amendments**

**(Against Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office)**

23.    The Plaintiffs re-allege and incorporate by reference the allegations in ¶¶ 1-22.

24.    Defendants Credeur, Unknown officers of the City of Pineville Police Department and

8

Unknown officers of the Rapides Parish Sheriff's Office executed unreasonable seizures of Plaintiffs Jackson and G.W., which resulted in physical and emotional injuries to Plaintiffs, as well as severe emotional distress, thereby depriving the Plaintiffs of their rights under the Fourth Amendment to the United States Constitution.

25.     Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office unlawfully seized Plaintiffs Jackson and G.W. by means of objectively unreasonable physical force, thereby unreasonably restraining Plaintiffs of their freedom.

26.     In conducting the seizure of the Plaintiffs,  Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office acted under color of the law of the State of Louisiana.

27.     In addition,  at all times relevant to this claim, Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office acted pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiffs Jackson and G.W.

28.     At the time of the complained of events, Plaintiffs Jackson and G.W. had clearly established constitutional rights under the Fourth Amendment to be secure in their person from unreasonable seizure.

29.     Plaintiffs Jackson and G.W. also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity.

30.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

31.     Defendants' actions and use of force, as described herein, were objectively unreasonable

in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Plaintiffs.

32.     In employing unreasonable force and executing an unreasonable seizure, Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office acted with malicious and/or reckless, callous, and deliberate indifference to the rights of the Plaintiffs under the Fourth Amendment to the United States Constitution.

33.     Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office took no reasonable steps to protect Plaintiffs from the objectively unreasonable seizure and are therefore liable for the injuries and damages resulting from their actions.

34.     Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office acted with shocking and willful indifference to Plaintiffs' rights and their conscious awareness that they would cause Plaintiffs physical and emotional injuries.

35.     The Defendants are not entitled to qualified immunity for the complained of conduct.

36.     As the proximate result of the aforesaid actions, policies, customs and practices of the Defendants, both Plaintiffs Jackson and G.W. sustained physical and emotional harm.

37.     Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office acted with reckless and callous indifference in depriving the Plaintiffs of their Fourth Amendment rights.

38.     As a result of the deprivations of the Plaintiff's Fourth Amendment rights by Defendants Dauzat and Gray, the Plaintiffs have suffered physical and severe emotional damages for which

they are entitled to relief against the Defendants under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments. (Against Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood )**

39.    Plaintiffs Jaclson and G.W. hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40.    Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood knew or should have known that at the time of the complained conduct, the Plaintiffs had clearly established constitutional rights under the Fourth Amendment to be secure in their person from unreasonable seizure and under the Fourteenth Amendment to bodily integrity as these rights at the time of the complained of conduct were clearly established at that time.

41.    The acts or omissions of Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood as described herein deprived and intentionally deprived Plaintiffs of their constitutional and statutory rights and caused their damages.

42.    The deprivation of Plaintiff Jackson and G.W.'s rights under the Fourth and Fourteenth Amendments resulted from and were caused by a policy, custom and/or practice of Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood, in that the decision to employ unreasonable seizures by Defendants Credeur, Unknown officers of the City of Pineville Police Department and Unknown officers of the Rapides Parish Sheriff's Office resulted from (a) the Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's

11

Office, and Mark Wood's inadequacy of police training with respect to the manner in which police conduct searches, and/or (b) a custom and practice of the Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood to condone and fail to discipline police officers for conducting unreasonable seizures.

43.    The Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood's policy, practice and custom of failing to train and/or condoning the use of unreasonable force and seizures by officers of the City of Pineville Police Department and officers of the Rapides Parish Sheriff's Office amounts to deliberate indifference to the rights of persons who police come in contact with.

44.    Defendants are not entitled to qualified immunity for the complained of conduct.

45.    The Defendants City of Pineville and Donald Weatherford were, at all times relevant, the policymakers for the City of Pineville Police Department, and established policies, procedures, customs, and/or practices for the same.

46.    The Defendants Rapides Parish Sheriff's Office and Mark Wood were, at all times relevant, the policymakers for the Rapides Parish Sheriff's Office, and established policies, procedures, customs, and/or practices for the same.

47.    The Defendants City of Pineville, Donald Weatherford, Rapides Parish Sheriff's Office, and Mark Wood developed, promoted and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of the Plaintiffs constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

48.    The policy of condoning, ratifying, and/or failing to prevent the excessive and/or

unnecessary use of force by Pineville Police Officers and officers with the Rapides Parish Sheriff's Office is a constitutionally deficient custom, policy, practice, and/or usage that repudiates the constitutional rights of persons such as the Plaintiffs and there is a direct causal connection between the custom, policy, practice, and/or usage and these constitutional deprivations.

49.     As a direct result of the Defendants' actions, the Plaintiffs have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial.

50.     As a further result of the Defendants' actions, Plaintiffs have incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial. Upon information and belief, Plaintiff Jackson may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

## LOUISIANA CLAIMS FOR RELIEF

### (Against all Defendants)

51.     Plaintiffs Jackson and G.W. hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

52.     Plaintiffs allege that all Defendants are liable for their injuries and damages pursuant to (1) Louisiana Civil Code Article 2315, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and (2) Louisiana Civil Code Article 2317, which provides that individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of

the thing which the individual has in his custody.

53.     Defendants are liable to Plaintiffs Jackson and G.W. for:

    a.   Assault

    b.   Battery

    c.   Intentional Infliction of Emotional Distress

    d.   Negligent Infliction of Emotional Distress

    e.   Invasion of Privacy

    f.   False/Unlawful Detention

54.     Defendants are liable to Plaintiff Jackson for:

    a.   Trespass

    b.   Damage to Property

## PRAYER FOR RELIEF

55.     Plaintiffs Deiastria G. Jackson and Teria Q. Caston on behalf of her minor daughter G.W. pray that this Court enter judgment for the Plaintiffs and against each of the Defendants and grant:

    a. Compensatory and consequential damages,including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

    b. Economic losses on all claims allowed by law;

    c. Special damages in an amount to be determined at trial;

    d. Punitive damages on all claims allowed by law against individual Defendants (Defendants Greg Credeur, Unknown officers of the City of Pineville Police Department, Unknown officers of the Rapides Parish Sheriff's Department, Donald Weatherford, and Mark

Wood) and in an amount to be determined at trial;

e. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988.

including expert witness fees, on all claims allowed by law;

f. Pre- and post-judgment interest at the lawful rate; and,

g. Any further relief that this court deems just and proper, and any other appropriate relief

at law and equity.

### PLAINTIFF REQUESTS A TRIAL BY JURY

Dated: <u>September 6, 2022</u>                    Respectfully Submitted,

s/ Jermaine L. Harris

_____
Jermaine L. Harris
La. Bar #34299
Jermaine Harris Law Firm LLC
618A Murray Street
Alexandria, LA 71301
Phone: (318) 290-3345
Fax: (318) 445-7047
Email: jermaineharrislawfirm@gmail.com
**ATTORNEY FOR DEIASTRIA JACKSON AND TERIA CASTON ON BEHALF OF G.W.**